UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SHAWNA ANN J.,

                              Plaintiff,

v.                                              1:19-CV-1098
                                                              (WBC)
COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| LAW OFFICES OF KENNETH HILLER, PLLC<br>  Counsel for Plaintiff<br>6000 North Bailey Ave, Ste. 1A<br>Amherst, NY 14226 | KENNETH HILLER, ESQ. |
| U.S. SOCIAL SECURITY ADMIN.<br>OFFICE OF REG'L GEN. COUNSEL – REGION II<br>  Counsel for Defendant<br>26 Federal Plaza – Room 3904<br>New York, NY 10278 | BLAKELY PRYOR, ESQ.<br>DENNIS CANNING, ESQ. |

William B. Mitchell Carter, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

       The parties consented, in accordance with a Standing Order, to proceed before the undersigned. (Dkt. No. 13.) The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons discussed below, Plaintiff's motion is denied, and the Commissioner's motion is granted.

**I.**       **RELEVANT BACKGROUND**

### A. Factual Background

Plaintiff was born in 1984. (T. 76.) She obtained a bachelor's degree. (T. 204.) Generally, Plaintiff's alleged disability consists of anxiety, depression, post-traumatic stress disorder ("PTSD"), migraines, insomnia, neck and back injuries, rheumatoid arthritis, Hashimoto disease, and traumatic brain injury ("TBI"). (T. 76-77.) Her alleged disability onset date is September 18, 2011. (T. 76.) Her date last insured is December 31, 2016. (*Id.*) Plaintiff served in the military as an intelligence clerk and personnel clerk. (T. 26, 275.)

### B. Procedural History

On October 31, 2017, Plaintiff applied for a period of Disability Insurance Benefits ("SSD") under Title XII of the Social Security Act. (T. 84.) Plaintiff's application was initially denied, after which she timely requested a hearing before an Administrative Law Judge ("the ALJ"). On February 15, 2019, Plaintiff appeared before the ALJ, Paul Georger. (T. 34-75.) On April 11, 2019, ALJ Georger issued a written decision finding Plaintiff not disabled under the Social Security Act. (T. 12-33.) On June 18, 2019, the AC denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. (T. 1-6.) Thereafter, Plaintiff timely sought judicial review in this Court.

### C. The ALJ's Decision

Generally, in his decision, the ALJ made the following five findings of fact and conclusions of law. (T. 17-28.) First, the ALJ found Plaintiff met the insured status requirements through December 31, 2016 and Plaintiff had not engaged in substantial gainful activity since September 18, 2011. (T. 17-18.) Second, the ALJ found Plaintiff

2

had the severe impairments of: degenerative disc disease of the lumbar spine status-post sacral fracture, cervicalgia, migraine headaches, anxiety, depression, and PTSD. (T. 18.)  Third, the ALJ found Plaintiff did not have an impairment that meets or medically equals one of the listed impairments located in 20 C.F.R. Part 404, Subpart P, Appendix. 1.  (*Id*.)  Fourth, the ALJ found Plaintiff had the residual functional capacity ("RFC") to perform sedentary work; however, Plaintiff can:

> never climb ramps, stairs, ladders, ropes or scaffolds.  [Plaintiff] can never balance, kneel, crouch or crawl but can occasionally stoop.  [Plaintiff] can perform simple, routine and repetitive tasks but not at a production rate pace (i.e. assembly line work).  [Plaintiff] can perform simple, work-related decisions.  [Plaintiff] can have occasionally interact [sic] with coworkers, supervisors and the public.

(T. 20-21.)[1]  Fifth, the ALJ determined Plaintiff was unable to perform her past relevant work; however, there were jobs that existed in significant numbers in the national economy Plaintiff could perform.  (T. 26-27.)

## II.     THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A.     Plaintiff's Arguments

Plaintiff makes two separate arguments in support of her motion for judgment on the pleadings.  First, Plaintiff argues the ALJ failed to properly evaluate the opinion of Veteran Affair's consultative psychologist Karen Klementowski.  (Dkt. No. 9 at 15-20.)  Second, and lastly, Plaintiff argues the ALJ impermissibly developed the mental portion of the RFC based on his own lay opinion, resulting in an RFC finding that is

---

[1] Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.  20 C.F.R. § 404.1567(a).

unsupported by substantial evidence. (*Id*. at 20-22.)  Plaintiff also filed a reply in which she reiterated her original arguments. (Dkt. No. 12.)

### B.     Defendant's Arguments

In response, Defendant makes two arguments.  First, Defendant argues the ALJ properly weighed the medical and other opinions of record. (Dkt. No. 11 at 18-26.)  Second, and lastly, Defendant argues the ALJ properly assessed an RFC for a limited range of simple, routine, and repetitive work. (*Id*. at 26-30.)

## III.   RELEVANT LEGAL STANDARD

### A.     Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled.  *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs*., 906 F.2d 856, 860 (2d Cir. 1990).  Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence.  *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct.

1420, 1427 (1971).  Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.  See *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight."  *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]."  *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992).  In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review."  *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B.     Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act.  See 20 C.F.R. § 404.1520.  The Supreme Court has recognized the validity of this sequential evaluation process.  See *Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987).  The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual

functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

## IV.   ANALYSIS

### A.   Medical Opinion Evidence

Plaintiff argues the ALJ failed to properly evaluate the opinion of Dr. Klementowski under 20 C.F.R. § 404.1520c. (Dkt. No. 9 at 15-20.) Plaintiff argues the ALJ misattributed Dr. Klementowski's opinion to Hillary Tzetzo, M.D., the ALJ's statement regarding the opinion was confusing, and the ALJ failed to address the majority of Dr. Klementowski's opinion. (*Id*. at 17-18.) For the reasons outlined herein, Plaintiff's arguments fail. Although the ALJ's decisions contains typographical errors, his assessment of Dr. Klementowski's opinion was apparent from his written decision, proper, and supported by substantial evidence in the record.

Under 20 C.F.R. § 404.1520c the ALJ must articulate how he or she considered certain factors in assessing medical opinions. *See* 20 C.F.R. § 404.1520c(a)-(c)[2]. The regulatory factors are: (1) supportability, (2) consistency, (3) relationship with the claimant (which has five sub-factors of its own to consider), (4) specialization, and (5)

---

[2]   On January 18, 2017, the agency published final rules titled "Revisions to Rules Regarding the Evaluation of Medical Evidence." 82 Fed. Reg. 5844. These final rules were effective as of March 27, 2017. Some of the new final rules state that they apply only to applications/claims filed before March 27, 2017, or only to applications/claims filed on or after March 27, 2017. *See, e.g.*, 20 C.F.R. §§ 404.1527, 416.927 (explaining how an adjudicator considers medical opinions for claims filed before March 27, 2017) and 20 C.F.R. §§ 404.1520c, 416.920c (explaining how an adjudicator considers medical opinions for claims filed on or after March 27, 2017); *see also* Notice of Proposed Rulemaking, 81 Fed. Reg. 62560, 62578 (Sept. 9, 2016) (summarizing proposed implementation process). Here, Plaintiff filed her claim on October 31, 2017. Thus, the 2017 revisions apply to this case.

other factors.  *Id*. § 404.1520c(c).  An ALJ must explain his or her approach with respect to the first two factors when considering a medical opinion, but need not expound on the remaining three.  *Id*. § 404.1520c(b).  The ALJ is tasked with analyzing medical opinions at the source-level, meaning that the ALJ need not discuss each and every medical opinion in the record, and may apply the factors holistically to a single medical source.  *Id*. § 404.1520c(b)(1).

On March 21, 2017, three months after Plaintiff's date last insured, Dr. Klementowski completed an "Initial Post Traumatic Stress Disorder (PTSD) Disability Benefits Questionnaire" for the VA.  (T. 525-544.)  The questionnaire included various sections such as: diagnostic summary, current diagnoses, list of symptoms, occupational and social impairment, clinical findings, PTSD diagnostic criteria, behavioral observations, competency, and remarks.  (*Id*.)

As an initial matter, the ALJ attributed Dr. Klementowski's opinion to another VA consultative examiner, Hillary Tzetzo, Ph.D.  (T. 25.)[3]  The ALJ's error was harmless.  When an ALJ's decision contains a typographical error, the mistake is harmless when it is obvious from the decision as a whole that the error is ministerial and not substantive.  *See Brewerton v. Barnhart*, 235 F.R.D. 574, 578 (W.D.N.Y. 2006) (typographical error that did not affect outcome of case was harmless and did not warrant remand).  The ALJ's typographical error had no significant impact on the outcome of the case.  As outlined by Defendant, both Drs. Klementowski and Tzetzo are doctorate-level medical sources specializing in psychological issues, examined Plaintiff on one occasion, and served as consultative sources for the VA.  (Dkt. No. 11 at 19.)

---

[3]     The signature page of Dr. Klementowski's opinion also contains the heading of Dr. Tzetzo's neurological TBI review, which lists Dr. Tzetzo as the examining provider.  (T. 544.)

Further, although the ALJ's written statement concerning Dr. Klementowski's opinion is grammatically confusing; the ALJ's meaning is clear. (T. 25.) The ALJ stated the opinion "regarding the claimant is capable of managing her financial affairs is persuasive has mild memory loss, and difficulty understanding complex commands due to disturbances of motivation and mood." (*Id.*) The ALJ cited specifically to Dr. Klementowski's VA statement. (T. 25 citing 541-542.) The ALJ concluded Dr. Klementowski's opinion was "generally consistent with and supported by the totality of the treatment records during the relevant period under adjudication and the treatment post-date last insured." (*Id.*) The ALJ went on to discuss other opinions in the record he concluded were not supported by the record or were conclusory statements regarding disability. (*Id.*) Therefore, despite the ALJ's sentence structure, it is clear the ALJ afforded Dr. Klementowski's statements "persuasive" because they were "consistent with and supported by" the record.

Plaintiff argues the ALJ erred in failing to address Dr. Klementowski's "opinion" that Plaintiff had "marked irritability and outbursts; marked hypervigilance; marked exaggerated startle response; marked problems with concentration; and marked sleep disturbances." (Dkt. No. 9 at 18.) Plaintiff argues "[t]hese are all significant functional limitations." (*Id.*) However, Plaintiff cites to Dr. Klementowski's list of symptoms required to support a diagnosis of PTSD, which under the regulations are not considered medical opinions.

A medical opinion is "a statement from a medical source about what [plaintiff] can still do despite [her or his] impairment(s) and whether [she or he has] one or more impairment-related limitations or restrictions" in the ability to perform various demands

8

of work.  20 C.F.R. § 404.1513(a)(2)[4].  "Other medical evidence" is evidence from a medical source that is not objective medical evidence or a medical opinion, including judgments about the nature and severity of a plaintiff's impairments, her or his medical history, clinical findings, diagnosis, treatment prescribed with response, or prognosis.  *Id*. § 404.1513(3)

The prior regulations specifically considered symptoms medical opinions; however, symptoms, diagnosis, and prognosis were removed from the definition of "medical opinions" under the new regulations.  *Compare* 20 C.F.R. § 404.1527(a)(1) *with* 20 C.F.R. § 404.1513.  These categories were removed because "diagnoses and prognoses do not describe how an individual functions" and symptoms are "subjective statements made by the individual, not by a medical source."  Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 F.R. 5844-01.

As argued by Defendant, the statements Plaintiff claims the ALJ impermissibly ignored are not work-related functional limitations, but check-box categories of symptoms.  (Dkt. No. 11 at 22, T. 537-540.)  Indeed, the checked statements, such as "markedly diminished interest or participation in significant activities," were provided under the heading "PTSD Diagnostic Criteria from the Diagnostic and Statistical Manual of Mental Disorders, 5th edition ("DSM-5")."  (T. 537-540.)  Therefore, the section of the form containing a list of Plaintiff's diagnostic criteria and symptoms supportive of a

---

[4] Various demands of work include: plaintiff's ability to perform physical demands of work activities, such as sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions (including manipulative or postural functions, such as reaching, handling, stooping, or crouching); plaintiff's ability to perform mental demands of work activities, such as understanding; remembering; maintaining concentration, persistence, or pace; carrying out instructions; or responding appropriately to supervision, co-workers, or work pressures in a work setting; plaintiff's ability to perform other demands of work, such as seeing, hearing, or using other senses; and plaintiff's ability to adapt to environmental conditions, such as temperature extremes or fumes.  20 C.F.R. § 404.1513(2)(i)-(iv).

diagnosis of PTSD is not a medical opinion, but rather other medical evidence under 20 C.F.R. § 404.1513 and the ALJ was not required to assess the statements as medical opinions.

In addition, the ALJ discussed the symptom portion of Dr. Klementowski's questionnaire in his overall analysis of Plaintiff's mental health treatment and "other medical evidence" in the record.  (T. 23-24); 20 C.F.R. § 404.1513(3).  The ALJ noted, "VA treatment records show [Plaintiff] had marked physiological reaction to internal or external cues that symbolize or resemble an aspect of the traumatic events."  (T. 23-24 citing T. 538.)  The ALJ also considered treatment records which he concluded showed Plaintiff was doing well with medication and counseling; "grossly normal" mental status examination; and self-reports that her depression and anxiety were "stable."  (T. 24.)  The ALJ concluded the objective medical evidence and Plaintiff's testimony would not preclude Plaintiff from performing work within the RFC, and the Plaintiff' activities of daily living, conservative and routine treatment, and grossly normal objective findings on examination did not support greater limitations.  (*Id*.)  The ALJ specifically determined Plaintiff's mental impairments, together with migraines, caused moderate difficulties in understanding, remembering and applying information, interacting with others, concentrating, persisting and maintaining pace and adapting and managing oneself and stated he accommodated for these limitations in the RFC.  (T. 25.)

Overall, the ALJ properly considered the opinion of Dr. Klementowski.  Although the ALJ attributed Dr. Klementowski's to Dr. Tzetzo and this written analysis was grammatically incorrect, any errors were harmless typographical errors.  Further, the ALJ did not "ignore a large swath of a single opinion from a medical source" as argued

10

by Plaintiff. (Dkt. No. 9 at 18.) The "significant functional limitations" Plaintiff argues the ALJ failed to assess were actually a listing of diagnostic criteria and symptoms; and therefore, not considered medical opinions under the new regulations. (Dkt. No. 9 at 18.) In addition, the ALJ discussed the statements in his overall assessment of "other medical evidence." Therefore, the ALJ properly assessed Dr. Klementowski's opinion and his determination was supported by substantial evidence.

### B.  Mental RFC Determination

Plaintiff argues the ALJ impermissibly developed the mental portion of the RFC based on his own lay opinion. (Dkt. No. 9 at 20-23.) The RFC is an assessment of "the most [Plaintiff] can still do despite [his or her] limitations." 20 C.F.R. § 404.1545(a)(1). Plaintiff argues, apart from Dr. Klementowski's opinion, the ALJ failed to mention any other opinion evidence relating to Plaintiff's multiple mental impairments in his decision and therefore, it is unclear what the ALJ based the mental portion of his RFC on. (*Id*. at 21-22.) Here, substantial evidence in the record supported the ALJ's mental health RFC determination.

In general, the ALJ is responsible for assessing Plaintiff's RFC based on a review of relevant medical and non-medical evidence, including any statement about what Plaintiff can still do, provided by any medical sources. 20 C.F.R. §§ 404.1527(d), 404.1545(a)(3), 404.1546(c). Although the ALJ has the responsibility to determine the RFC based on all the evidence in the record, the burden is on Plaintiff to demonstrate functional limitations that preclude any substantial gainful activity. *Id*. §§ 404.1512(c), 404.1527(e)(2), 404.1545(a), 404.1546(c).

Substantial evidence "means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, 203 L. Ed. 2d 504 (2019) (citing *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938)). Plaintiff must show that no reasonable factfinder could have reached the ALJ's conclusions based on the evidence in record. *See Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012); *see also Wojciechowski v. Colvin,* 967 F.Supp.2d 602, 605 (N.D.N.Y. 2013) (Commissioner's findings must be sustained if supported by substantial evidence even if substantial evidence supported the plaintiff's position); *see also Jones v. Sullivan,* 949 F.2d 57, 59 (2d Cir. 1991) (reviewing courts must afford the Commissioner's determination considerable deference and cannot substitute own judgment even if it might justifiably have reached a different result upon a *de novo* review).

As outlined above, the ALJ considered the evidence in the record pertaining to Plaintiff's mental health impairments. The ALJ cited multiple treatment records, including those from Dr. Saldana, Dr. Kang, Dr. Uslinov, and NP Virtuoso, in which the providers observed Plaintiff had no significant deficits in concentration, cognitive functioning, or other areas of mental functioning. (T. 24.) Indeed, shortly before Plaintiff's insured status expired, Dr. Saldana noted Plaintiff had "ok" mood, "good" concentration, and normal thought processes. (T. 621-622.) Dr. Kang observed Plaintiff had a good fund of knowledge, her attention span was adequate, her recent and remote memories were well maintained, and her language function was normal. (T. 306.) Dr. Uslinov observed Plaintiff was cooperative, engaged, pleasant, with normal speech, an anxious and depressed mood, average fund of knowledge, with intact recent

and remote memory, fair insight, and fair judgment.  (T. 325.)  Plaintiff noted on a depression screening she had no trouble concentrating on things, such as reading the newspaper or watching television.  (T. 373.)  NP Virtuoso observed Plaintiff had intact cognition, good eye contact, and her thought process was linear and goal directed.  (T. 375.)  In March 2016, a counselor with the VA observed Plaintiff had an anxious manner, her memory was normal, and her judgement was fair.  (T. 952.)  In June 2016, Plaintiff was "somewhat anxious," with a logical thought process, and no issues with thought content.  (T. 444, 445.)  Moreover, Plaintiff completed her college degree and cared for her two children during the relevant period.  (T. 46, 618.)  Therefore, substantial evidence supported the ALJ's determination Plaintiff was able to perform a limited range of simple work that did not require more than occasional contact with others.

Overall, the ALJ properly assessed the opinion provided by Dr. Klementowski under 20 C.F.R. § 404.1520c and the ALJ's mental RFC determination was supported by substantial evidence in the record.  Plaintiff may disagree with the ALJ's conclusion; however, the Court must "defer to the Commissioner's resolution of conflicting evidence" and reject the ALJ's findings "only if a reasonable factfinder would have to conclude otherwise."  *Morris v. Berryhill*, 721 F. App'x 29 (2d Cir. 2018) (internal citations and quotations omitted); *Krull v. Colvin*, 669 F. App'x 31 (2d Cir. 2016) (the deferential standard of review prevents a court from reweighing evidence).  As long as substantial record evidence supports the ALJ's determination of the facts, the Court must defer to the ALJ's decision.  *See Davila-Marrero v. Apfel*, 4 F. App'x 45, 46 (2d Cir. 2001) (citing *Alston v. Sullivan*, 904 F.2d 122, 126 (2d Cir. 1990)).  As the Supreme Court stated,

"whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek,* 139 S. Ct. at 1154.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 9) is **DENIED**; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 11) is **GRANTED**; and it is further

**ORDERED** that Defendant's unfavorable determination is **AFFIRMED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**.

Dated:   February 25, 2021

*/s/ Bill Carter*
William B. Mitchell Carter
U.S. Magistrate Judge